# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MARAH O. HEMPHILL,

    Plaintiff,

  -vs-                                                                                                            No. Civ. 10-0861 LH/RHS

LIBERTY MUTUAL INSURANCE COMPANY,

    Defendant.

## MEMORANDUM OPINION

     **THIS MATTER** comes before the Court on Defendant's Motion to Dismiss Plaintiff's Negligence and Negligence Per Se Claims ("Motion to Dismiss") (Docket No. 49), filed January 30, 2012. The Court, having reviewed the Motion, the accompanying memoranda, and the applicable law, and otherwise being fully advised, finds that the Motion is well taken and it will be **granted**.

     Plaintiff Marah O. Hemphill initiated this action on August 10, 2010, filing her Complaint to Recover Damages for Personal Injury and Bad Faith Insurance Practices ("Complaint") in the First Judicial District Court, County of Santa Fe. Defendant Liberty Mutual Insurance Company

("Liberty Mutual"),[1] removed the case to federal court on September 16, 2010, asserting diversity jurisdiction, pursuant to 28 U.S.C. § 1332.

In her Complaint, Plaintiff alleges that she was involved in a multiple-car accident while driving herself and three passengers to school on August 19, 2004. Four vehicles were involved in rear-end collisions. Ms. Hemphill was behind the first car, driven by Merrylin LeBlanc, which suddenly came to an abrupt halt. Although Plaintiff attempted to avoid hitting Ms. LeBlanc, the third car, driven by Lina German, hit the Hemphill vehicle, causing it to collide with Ms. LeBlanc. The fourth vehicle, driven by Jack Browning, then hit Ms. German's car, which again rear-ended Ms. Hemphill. Having sustained neck and back injuries, Plaintiff was transported by ambulance to a hospital. After more than two years of treatment, she had incurred medical costs in excess of $45,000.

With the consent of Liberty Mutual, Ms. Hemphill subsequently settled all of her claims against Ms. German for $25,000, the sum of Ms. German's policy limits with her insurer, Allstate. Plaintiff filed suit against Mr. Browning and eventually settled her claims against him for $78,500, less than his policy limits of $100,000 with Met-Life. After Liberty Mutual denied her underinsured motorist claim, Plaintiff filed this suit, alleging two causes of action: Count I, "Negligence/ Negligence Per Se," and Count II, "Breach of Contract/Breach of Covenant of Good Faith and Fair Dealing and Statutory Violations." In Count I Ms. Hemphill claims that Liberty Mutual is liable

---

[1] Defendant states in its Notice of Removal that "[t]he policy that is the subject of this lawsuit was actually issued by LM Property and Casualty Insurance Company." (Docket No. 1), filed Sept. 16, 2010, ¶ 8. The Answer to Complaint for Personal Injury and Bad Faith Insurance Practice ("Answer") and subsequent defense submissions, are brought by "LM Property and Casualty Insurance Company, formerly known as Prudential Property and Casualty Insurance Company, and on behalf of the entity named in Plaintiff's Complaint as Defendant 'Liberty Mutual Insurance Company.'" *See, e.g.,* Answer (Docket No. 3), filed Sept. 30, 2010, at 1. As neither party has moved to correct or to substitute the named Defendant, the Court will address the Defendant as named in the caption: Liberty Mutual Insurance Company ("Liberty Mutual").

under her Uninsured/Underinsured Motorist coverage for her damages caused by the negligence of Ms. German and Mr. Browning, less the settlement amounts she already has received. In Count II she asserts that by its refusal to pay any amount of her underinsured motorist claim, Liberty Mutual is in breach of contract and has violated the covenant of good faith and fair dealing inherent in the insurance contract under New Mexico law. She further contends that Defendant violated the Trade Practices and Frauds Act of the Insurance Code, N.M. STAT. ANN. § 59A-16-20, and the New Mexico Unfair Practices Act, *see generally,* N.M. STAT. ANN. §§ 57-12-1 to -16.

Liberty Mutual moves for dismissal of Plaintiff's negligence and negligence per se claims, pursuant to FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss, the Court must "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Ridge at Red Hawk, L.L.C. v.Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (citing *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir.2005)). The Court's inquiry, then, is "whether the complaint contains enough facts to state a claim to relief that is plausible on its face.'" *Id.* at 1177 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In Count I of her Complaint, Plaintiff claims that "Liberty Mutual is liable to Plaintiff for the negligence of Browning and German, under the Policy's Uninsured/Underinsured Motorist Coverage sections . . . ." Compl. ¶18. In support, she asserts that "Browning and German operated their vehicles in a negligent manner, without any negligence on [her] part," *id.* ¶ 16, and enumerates various acts of negligence on their part, including careless driving, reckless driving, failure to

3

operate their vehicles in a safe and reasonable manner, failure to keep a proper lookout, driver inattention, driving a vehicle in violation of existing ordinances and statutes, and following too closely, *id.* ¶ 17(a)-(g). Liberty Mutual first argues that Count I must be dismissed because New Mexico does not recognize a claim of negligence against an insurance company, thus, requiring dismissal as a matter of law. Defendant also maintains that as Count I actually appears to state a claim for first party breach of contract for failure to pay money due under Plaintiff's insurance policy, a claim that is stated in Count II of the Complaint, it should be dismissed.

In her Response, Plaintiff states that Count I is a "negligence/negligence per se claim" for damages caused by the negligence of German and Browning, and that she seeks recovery from Liberty Mutual of all amounts due to her for the liability of the underinsured tortfeasors. Essentially, Plaintiff maintains that under the provisions of her underinsured motorist coverage, Liberty Mutual has agreed to "step into the shoes of the tortfeasors" who caused her injuries, thus leading to the negligence claim against Defendant. Plaintiff also argues generally that breach of a contractual duty can be the basis of an action in tort, and that negligent services may give rise to claims in both ordinary negligence and breach of contract.

As Plaintiff contends, the New Mexico Supreme Court has determined only that negligence claims for failure to settle are not cognizable against an insurer. *Ambassador Ins. Co. v. St. Paul Fire & Marine Ins. Co.*, 102 N.M. 28, 31 (1984) ("[Given that] the duty between insurer and insured [i]s one of good faith, we determine that the district court was correct in its conclusion that the cause of action of *negligent failure to settle* was not and would not be recognized in New Mexico." (emphasis added)). Whether New Mexico would recognize other negligence actions arising from

an insurer's breach of a contractual duty, however, remains to be determined,[2] but not by this Court in this matter. Regardless, Plaintiff has not pleaded such a claim in Count I, has not moved to amend to do so, and the Court will not do it for her. Count I of the Complaint will be dismissed as it merely states a failure to pay claim on the part of Defendant, a contractual claim that is clearly brought in Count II.

WHEREFORE,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Plaintiff's Negligence and Negligence Per Se Claims (Docket No. 49), filed January 30, 2012, is **GRANTED**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**

---

[2] Plaintiff cites *Ruiz v. Southern Pacific Transportation Co.* for the proposition that negligent services may give rise to claims for relief in both ordinary negligence and breach of contract. 97 N.M. 194, 200, 638 P.2d 406, 412 (Ct. App. 1981). The *Ruiz* court made this statement in discussing whether a plaintiff injured when a standing train suddenly jerked and began moving forward as he was climbing between coupled cars could bring a claim based on strict liability under Section 402(A) of the Restatement of Torts (Second). Its answer was "no." The case cited in *Ruiz*, *Stock v. Pierce*, 96 N.M. 544, 632 P.2d 1182 (Ct. App. 1981), is likewise inapposite to the facts in Plaintiff's case here. In *Stock*, the insurer's and its general agent's negligent conduct included "issuing a policy that deviated from the one applied for and in failing to follow the insurer's policy of attaching the red-flag notification of the restrictive endorsement." *Id.* at 547, 632 P.2d at 1185.