## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

MARAH O. HEMPHILL,

       Plaintiff,

v.                                  No. Civ. 10-861 LH/RHS

LIBERTY MUTUAL INSURANCE
COMPANY,

       Defendant.

### <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER comes before the Court on Defendant Liberty Mutual Insurance Company's Motion for Partial Summary Judgment to Prohibit Plaintiff from Seeking Future Medical Expenses to Purchase Medical Marijuana (Doc. 54). The Court, having considered the motion, briefs, evidence, arguments, relevant law, and otherwise being fully advised, concludes that the motion should be granted.

## I.    FACTUAL BACKGROUND

The accident that is the subject of this case occurred on August 19, 2004. Def.'s Mot. (Doc. 54), Undisputed Fact ("UF") ¶ 1. While in her car, Plaintiff was struck violently from behind in a four-car collision, after which she began experiencing intense neck pain, nausea, and vomiting. Pl.'s Resp., Ex. A (Doc. 63-1) at 1 of 24. Over the course of the next 31 months, she underwent medical treatment for increasingly severe pain involving her head, neck, shoulders, upper and lower back, and debilitating headaches. *Id.*

In May 2010, Plaintiff alleges that she was diagnosed with fibromyalgia. Def.'s Mot. (Doc. 54), UF ¶ 2. Medical marijuana is one of Plaintiff's current medications. *Id.*, UF ¶ 3.

Plaintiff has a valid Patient Identification Card authorizing her to use medical marijuana pursuant to a Physician Statement and Recommendation.  Pl.'s Resp., Ex. 2-3 (Doc. 64-1).

Plaintiff's expert witness, Dr. Benson Daitz, is a medical doctor with over 25 years of experience caring for patients with chronic pain at both the UNM Health Sciences Center and the Lovelace Rehabilitation Hospital's Manzano Medical Group, where he currently sees patients. Aff. of Benson Daitz, M.D. (Doc. 63-1) at 6 of 24.  His expertise is in muscle and soft tissue pain (myofascial) and has seen many hundreds of people over the years with both myofascial pain and fibromyalgia.  *Id.*  He has produced four series of instructional films about myofascial pain that have been distributed worldwide, and he has directed five or six major symposia on the diagnosis and treatment of myofascial pain.  *Id.*

Dr. Daitz testified that studies have shown that patients who have a certain type of chronic pain benefit from smoking marijuana.  Pl.'s Resp., Ex. 4 (Doc. 64-1) at 116.  Dr. Daitz further testified that usually the most effective treatment plan for fibromyalgia is a combination of medications like the ones Plaintiff is currently on, including medical marijuana.  *See id.* at 114, 120-21.  He stated that there is a sound medical basis for her continued use of her medication regimen that includes medical marijuana.  *See id.* at 121.

Dr. Daitz conceded, however, that he does not know if studies have been done on whether marijuana is indicated for fibromyalgia and myofascial pain.  Def.'s Mot., Ex. C (Doc. 54-1) at 130-31.  He noted that there is emerging literature that shows that medical cannabis has been very helpful for the treatment of neuropathic pain and generalized pain.  *Id.*  Defendant's expert, Ted Davis, M.D., has not been able to find peer-reviewed references that scientifically justify the use of marijuana in the management of fibromyalgia.  Def.'s Mot. (Doc. 54), UF ¶ 7.

## II.     SUMMARY JUDGMENT

An important function of summary judgment is to eliminate factually-unsupported claims.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  *Quaker State Minit-Lube, Inc. v. Fireman's Fund Ins. Co.*, 52 F.3d 1522, 1527 (10th Cir. 1995) (quoting Fed. R. Civ. P. 56(c)).  "All facts and reasonable inferences must be construed in the light most favorable to the nonmoving party."  *Id.* (internal quotations omitted).

## III.     ANALYSIS

It is undisputed that New Mexico statutory and common law govern this case, including Plaintiff's claims for damages.  Nevertheless, Defendant argues that Plaintiff cannot, as a matter of law, recover her expenses for future purchases of medical marijuana because the purchases violate federal law.

Currently, under the Controlled Substances Act, 21 U.S.C. §§ 801-971 ("CSA"), it is illegal to "manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense," any controlled substance except as otherwise authorized under the CSA.  21 U.S.C. § 841(a).  The CSA lists marijuana in Schedule I, the consequence of which criminalizes marijuana's use and possession.  See *Gonzales v. Raich*, 545 U.S. 1, 15 (2005) (citing 21 U.S.C. §§ 812(c), 841(a)(1), 844(a)).

In 2007, New Mexico passed the Lynn and Eric Compassionate Use Act, N.M. Stat. Ann. § 26-2B-1 through 26-2B-7 ("Compassionate Use Act"), which exempts qualified patients from civil or criminal penalties for possessing and using a certain amount of medical marijuana. *See*

N.M. Stat. Ann. § 26-2B-4 ("A qualified patient shall not be subject to arrest, prosecution or penalty in any manner for the possession of or the medical use of cannabis if the quantity of cannabis does not exceed an adequate supply.").  Plaintiff contends that, because her use of medical marijuana is permitted by state law, and state law applies in this case, she may be awarded damages by a federal jury sitting in diversity for the future medical expenses of her marijuana use.

New Mexico state law, however, provides that damages, specific performance, nor an injunction will be granted to a party to an illegal contract.  *See Dacy v. Village of Ruidoso*, 114 N.M. 699, 704 (1992).  The United States Supreme Court has unequivocally stated:  "The CSA designates marijuana as contraband for *any* purpose; in fact, by characterizing marijuana as a Schedule I drug, Congress expressly found that the drug has no acceptable medical uses." *Gonzales v. Raich*, 545 U.S. at 27.  The Supreme Court further reaffirmed the well-known constitutional principle that the Supremacy Clause unambiguously provides that federal law prevails when there is a conflict between federal and state law.  *Id.* at 29.

This federal court, even sitting in diversity, cannot force Defendant to recompense Plaintiff for medical expenses that are contrary to federal law and federal policy, even if the contract generally provides for the payment of future medical expenses.  Such payment violates federal law, as clearly expressed by Congress, and New Mexico state law prevents the enforcement of an illegal contract.  New Mexico citizens must follow the laws of both the state and federal governments.

The Court adopts the reasoning of *Tracy v. USAA Casualty Insurance Company*, No. Civ. 11-00487 LEK-KSC, 2012 WL 928186 (Mar. 16, 2012) (unpublished opinion), which stated in relevant part:

> The rule under Hawai'i law that courts may decline to enforce a contract that is illegal or contrary to public policy applies where the enforcement of the contract would violate federal law. . . .
>
> The Court therefore assumes, for purposes of the instant Motion, that the "Trees, Shrubs and Other Plants" provision of the Policy covered the loss of Plaintiff's medical marijuana plants. Even in light of that assumption, this Court cannot enforce the provision because Plaintiff's possession and cultivation of marijuana, even for State-authorized medical use, clearly violates federal law. To require Defendant to pay insurance proceeds for the replacement of medical marijuana plants would be contrary to federal law and public policy, as reflected in the CSA, *Gonzales,* and its progeny. The Court therefore CONCLUDES that, as a matter of law, Defendant's refusal to pay for Plaintiff's claim for the loss of her medical marijuana plants did not constitute a breach the parties' insurance contract.

*Id.* at *13.

Consequently, this Court similarly concludes as a matter of law that Defendant is entitled to partial summary judgment on Plaintiff's claim for future medical expenses to purchase marijuana.[1]

**IT IS THEREFORE ORDERED** that Defendant Liberty Mutual Insurance Company's Motion for Partial Summary Judgment to Prohibit Plaintiff from Seeking Future Medical Expenses to Purchase Medical Marijuana (**Doc. 54**) is **GRANTED**.

_____

**SENIOR UNITED STATES DISTRICT JUDGE**

---

[1] In light of this ruling, the Court need not consider Defendant's alternative argument that it is entitled to summary judgment because Plaintiff has no evidence that medical marijuana is indicated for her injuries.