IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARAH O. HEMPHILL,

    Plaintiff,

    -vs-                                                    No. Civ. 10-0861 LH/RHS

LIBERTY MUTUAL INSURANCE COMPANY,

    Defendant.

**MEMORANDUM OPINION ORDER**

**THIS MATTER** comes before the Court on Defendant's Motion for Partial Summary Judgment on Emotional Distress Damages (Docket No. 48). The Court, having reviewed the Motion, the memoranda of the parties, and the applicable law, and otherwise being fully advised, finds that the Motion is **moot in part** and is **not well taken in part** and will be **denied**.

Liberty Mutual moves for partial summary on Plaintiff's assertion that she is entitled to emotional distress damages on grounds that none of her underlying claims provides a legal basis for such damages. The Court has granted summary judgment to Defendant on all causes of action except for Plaintiff's claim on the underinsured motorist coverage of her policy that she has not been fully compensated for her damages. Thus, any claims for emotional distress damages under any other causes of action are now barred and Defendant's Motion is moot as to them. This includes, of course, Plaintiff's claim that she "suffered emotional distress associated with the fact that she has had to file suit in order to force Liberty Mutual to comply with its obligations." Compl. ¶ 25.

Pursuant to the underinsured motorist coverage at issue here, the policy provides that Liberty Mutual's payment "is based on the amount that an insured is legally entitled to recover for bodily injury . . . but could not collect from the owner or operator of the . . . underinsured motor vehicle." Ex. 8 to Pl.'s Mem. Opp'n Def.'s Mot. Partial Summ. J. Pl.'s Claims Breach of Contract, Bad Faith and Statutory Violations (Docket No. 74).  It is undisputed that Plaintiff incurred physical injuries in the accident from which this suit stems.

"[I]n New Mexico, a plaintiff in an ordinary negligence action can recover for emotional distress that results from a physical injury as part of his general damages." *Castillo v. City of Las Vegas*, 145 N.M. 205, 212, 195 P.3d 870, 877 (N.M. Ct. App. 2008) (citing H*iggins v. Hermes*, 89 N.M. 379, 381, 552 P.2d 1227, 1229 (N.M. Ct. App. 1976)).  Whether the term "bodily injury" in the Liberty Mutual policy encompasses emotional distress damages remains to be determined, however, as neither party has provided the Court with the policy or the policy definition of this term.

WHEREFORE,

**IT IS HEREBY ORDERED** that Defendant's Motion for Partial Summary Judgment on Emotional Distress Damages (Docket No. 48), is **DENIED**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**