**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAR 29 2013

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARAH O. HEMPHILL,

    Plaintiff,

-vs-                                          No. Civ. 10-0861 LH/RHS

LIBERTY MUTUAL INSURANCE COMPANY,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** comes before the Court on Defendant's Motion for Partial Summary Judgment on Alleged Damages Unsupported by Expert Causation Testimony (Docket No. 55). The Court, having reviewed the Motion, the memoranda of the parties, and the applicable law, and otherwise being fully advised, finds that the Motion is well taken in part and will be **granted in part** and **denied in part**.

    Defendant Liberty Mutual moves for summary judgment on certain of Plaintiff's claims for damages for which it maintains there is no expert medical testimony as to causation. Specifically, Defendant argues that Ms. Hemphill's medical expert, Benson Daitz, M.D., has not provided an opinion that the traffic accident at issue directly or indirectly caused her irritable bowel syndrome, folliculitis, bladder/urinary tract infections, kidney stones, or any impairment related to her medications.

In her response, Plaintiff concedes that while Dr. Daitz believes that most of Plaintiff's medical problems stem from her diagnosed chronic myofascial pain or pain syndrome and fibromyalgia, he cannot opine with a reasonable degree of medical certainty that the same is true for her folliculitis or kidney stones. Thus, the Court will grant summary judgment to Defendant on any claims related to these conditions.

Liberty Mutual asserts that Dr. Daitz has not provided an opinion that Plaintiff suffers from irritable bowel syndrome as a result of the accident or any related medical condition. Ms. Hemphill disputes this conclusion, citing to the doctor's deposition testimony that fibromyalgia "involves oftentimes . . . bowel symptoms." Pl.'s Resp. Def.'s *Daubert* Motion Exclude Test. Pl.'s Experts (Docket No. 63), Ex. K ("Daitz Dep. #1") 74:15-16. Furthermore, she provides clarification by Dr. Daitz that, "treatment for Marah Hemphill's fibromyalgia would, within a reasonable degree medical certainty/probability, include treatment for what has been variously described in Marah's case by her and others as bowel problems or irritable bowel syndrome." *Id.* Ex. D ("Daitz Aff.") ¶10.

Defendant does not readdress the issue of irritable bowel syndrome in its Reply, except to link the condition to an effect of medication. Reply (Docket No. 86) at 2 (requesting partial summary judgment "against Plaintiff on her claims for damages related to irritable bowel syndrome, . . . and any other alleged side effects of medications."). As Dr. Daitz indicates that Plaintiff suffers from irritable bowel syndrome, which he attributes to fibromyalgia and not to any medication, Defendant's Motion will be denied as to this condition.

With regard to Plaintiff's alleged urinary tract or bladder infections, Liberty Mutual notes that Ms. Hemphill thought these infections were related to her use of the drug Topamax, which was prescribed for her migraine headaches. Defendant continues that Dr. Daitz stated his opinion that Topamax did not cause Plaintiff's urinary tract infections, that Plaintiff's migraine headaches

preexisted and are completely unrelated to the 2004 accident, and that they are distinct from her myofascial headaches. Defendant also cites to Dr. Daitz's testimony that fibromyalgia is associated with non-infectious bladder problems, as distinguished from urinary tract infections.

Plaintiff disputes that her migraine headaches are completely unrelated to the accident referring to Dr. Daitz's testimony that

> when you have myofascial pain, spasms in the muscles and the head and the neck, we now know that those can intensify migraine headaches. They can oftentimes trigger migraine headaches. So there's I think a very good possibility that the 2004 accident where she sustained a significant injury to the muscles in her head, her neck and her back then probably contributed to her migraines worsening.

Reply Ex. 1 (Daitz Dep. #2) 27:17-24. While she does not contest that Dr. Daitz did not attribute the cause of her urinary tract infections to Topamax, Plaintiff does dispute whether he believed she was not taking Topamax as a result of her injuries sustained in the accident: "I do believe Marah Hemphill was taking Topamax because of the intensification of her migraine headaches after the 2004 accident," Daitz Aff. ¶11. She also disputes Defendant's characterization of the doctor's testimony as establishing that fibromyalgia is associated only with non-infectious bladder problems, citing Dr. Daitz's deposition more fully: "Fibromyalgia . . . is associated with bladder problems, usually noninfectious cystitis, inflammation of the bladder, and has been and is associated with *multiple bladder complaints*, including people feeling like their bladder is full, like it's aching, like it hurts, oftentimes with pain on urination, but not necessarily infection," Daitz Dep. #2 98:16-25 (emphasis added by Plaintiff). Plaintiff further quotes Dr Daitz's testimony, "I'm saying there is a good possibility that the bladder problems she has now are associated with fibromyalgia," *id.* 99:3-5, which he again clarified in his affidavit:

> treatment for Marah Hemphill's fibromyalgia would, within a reasonable degree medical certainty/probability, include treatment for . . . urinary tract or bladder issues. Oftentimes Ms. Hemphill has sought treatment at urgent care for pain in her

3

> bladder/kidney area and I believe that those problems may well be caused by her fibromyalgia.

Daitz Aff. ¶ 10.

Liberty Mutual replies that Dr. Daitz testified that bladder problems associated with fibromyalgia are "not necessarily infection" and are "thought to be a noninfectious cystitis or inflammatory response in the bladder." Daitz Dep. #1 98:22-25. The Court notes, as has Plaintiff, that in the preceding sentence that doctor said that "[f]ibromyalgia . . . is associated with bladder problems, *usually* noninfectious cystitis, inflammation of the bladder, . . . *but not necessarily* infection." *Id.* 98:16-23 (emphasis added). Thus, while infectious bladder or urinary tract problems may be less common, they are not ruled out. Additionally, while Defendant maintains that Dr. Daitz has not provided any specific opinion that Plaintiff suffers or will suffer from non-infectious bladder or urinary tract problems, again the Court cannot agree. The doctor specifically stated that "[o]ftentimes Ms. Hemphill has sought treatment . . . for pain in her bladder/kidney area and I believe that those problems may well be caused by her fibromyalgia," Daitz Aff. ¶10. He also testified to those non-infectious problems being associated with fibromyalgia. Daitz Dep. #1 98:16-23 ("Fibromyalgia . . . is associated with multiple bladder complaints, including people feeling like their bladder is full, like it's aching, like it hurts, oftentimes with pain on urination, but not necessarily infection."). Thus, the Court cannot find that there is no expert testimony establishing causation regarding Ms. Hemphill's alleged urinary tract problems, infectious or not.

Liberty Mutual lastly moves for summary judgment regarding other impairments Plaintiff may suffer that she attributes to medications she has taken since the accident. Ms. Hemphill concedes that Dr. Daitz does not attribute any of her impairments that she attributed to Topamax,

4

such am memory problems, to the use of medications, but rather attributes them to fibromyalgia. Daitz Aff. ¶11. Thus, summary judgment will be granted on this issue.

WHEREFORE,

**IT IS HEREBY ORDERED** that Defendant's Motion for Partial Summary Judgment on Alleged Damages Unsupported by Expert Causation Testimony (Docket No. 55), is **GRANTED IN PART AND DENIED IN PART.**

_____
SENIOR UNITED STATES DISTRICT JUDGE